048029/20908/MHW/REN/SLB

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CASSIDY GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY CLARK, "JOHN" RUTHERFORD, "JOHN" HOFFMAN, KERRY VON RUDEN, NURSE RHONDA "DOE",<br><br>    Defendants. | Case Number  20cv2859<br><br>Hon. Judge Franklin U. Valderrama |

### **DEFENDANT, RHONDA DUNNE'S, FEDERAL RULE OF PROCEDURE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, RHONDA DUNNE ("Ms. Dunne"), by and through her attorneys, Matthew H. Weller, Ronald E. Neroda and Sandra L. Byrd of CASSIDAY SCHADE LLP, and for her Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff's Complaint, states as follows:

### **INTRODUCTION**

Plaintiff, Cassidy Green, is an inmate in the custody of the Illinois Department of Corrections. At the time of the events giving rise to the instant action, Plaintiff was a detainee in the LaSalle County Jail. Plaintiff has a filed a Complaint pursuant to 42 U.S.C. §1983 ("§1983") in which he alleges he was injured by correctional staff at the LaSalle County Jail. [Dkt. #1]. Plaintiff further alleges that after sustaining injuries inflicted by the correctional staff he was seen at the nurses station in the jail by "Nurse Rhonda" who Plaintiff alleges examined his wrist and stated that she did not see anything other than some redness.[Dkt. #1, ¶¶ 13 & 16]. According to Plaintiff he was then "forcefully" removed from the nurses' station by correctional

staff. [Dkt. #1, ¶17]. Plaintiff's allegations against Ms. Dunne are insufficient to state a claim for which relief can be granted pursuant to §1983. As such, Plaintiff's allegations against Ms. Dunne should be dismissed.

## STANDARD OF REVIEW

The Court reviews a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the nonmoving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (*quoting Bell Atlantic Corp.,* 550 U.S. 544, 570). In order to satisfy the plausibility standard, a plaintiff must plead specific facts that support the legal claims asserted in the complaint. *Id*. In other words, the plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009), (*quoting Bell Atlantic Corp.*, 550 U.S. 544, 556).

While a plaintiff is not typically required to plead detailed factual allegations, the law demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, at 678. In order for a complaint to survive a motion to dismiss, it must contain sufficient factual allegations "which states a claim for relief that is plausible on its face." *Id*.

## ARGUMENT

Liability under 42 U.S.C. §1983 requires <u>direct and personal involvement in the situation that causes injury</u> to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). 42 U.S.C. § 1983 creates a cause of action based on personal liability that is predicated upon fault. *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). Thus, "to be liable under Section 1983, the individual defendant must have *caused or participated in a constitutional deprivation*." *Id.* (emphasis added). Moreover, the Seventh Circuit has held that Section 1983 liability arises *only* from direct and individual wrongdoing. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986), (emphasis added).

A plaintiff bears the burden of establishing the defendant's personal responsibility for a claimed deprivation of a constitutional right. *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981). "In essence, this standard requires proof of *causation, i.e.,* that the individual defendant actually caused the Plaintiff's injury *through his own conduct." Volk v. Coler,* 638 F.Supp. 1540, 1547. (C.D. Ill. 1986) (emphasis in original), *affirmed in part, reversed in part and remanded by Volk v. Coler*, 845 F.2d 1422 (7th Cir. 1988). The burden is on the plaintiff to establish personal involvement through pleadings and evidence. *Johnson v. Pelker,* 891 F.2d 136, 139 (7th Cir. 1989). Failure to take corrective action in and of itself cannot violate §1983. *Soderback v. Burnett County, Wis.,* 752 F.2d 285, 293 (7th Cir. 1985).

Plaintiff's Complaint does not indicate if Plaintiff was a pretrial detainee or a convicted offender at the time of the alleged incident described in his Complaint. If Plaintiff was a pretrial detainee at the time his alleged claim arose, his claim is governed by the Fourteenth Amendment objective unreasonableness standard articulated by the Seventh Circuit in *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). If he was being held at the LaSalle County Jail as a

3

convicted criminal, his claims are governed by the Eighth Amendment deliberate indifference standard. *Sloat v. Benzing*, 2020 U.S. Dist. LEXIS 186556 (S.D. Ill. 2020). Under either analysis, Plaintiff's allegations against Ms. Dunne fail and should be dismissed.

The Fourteenth Amendment *Miranda* test is a two-part inquiry: whether the defendant "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case," and an objective inquiry into the reasonableness of defendant's conduct. *Miranda v. Cty. of Lake*, 900 F.3d at 353-354. The *Miranda* standard "'requires courts to focus on the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively— without regard to any subjective belief held by the individual—whether the response was reasonable.'" *Swisher v. Porter Cty. Sheriff's Dep't.*, 761 Fed.Appx. 616, 620 (7th Cir. 2019), citing *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018). It is insufficient for a pretrial detainee to plead only negligence or gross negligence. *Miranda v. Cty. of Lake*, 900 F.3d at 353.

Here, the extent of Plaintiff's allegations against Ms. Dunne is that she examined his wrist, indicated that she saw some redness and then Plaintiff was "forcefully" removed by correctional officers from the area in which he was being examined by Ms. Dunne. [Dkt. #1, ¶¶ 13, 14, 16 & 17]. In other words, Plaintiff has alleged that Ms. Dunne conducted an examination of his alleged wrist injury and that Ms. Dunne was prohibited from taking any further action because Plaintiff was forcibly removed from the area by someone other than Ms. Dunne. Plaintiff has not made any allegations that Ms. Dunne was involved in the decision to remove him from Ms. Dunne's care or that Ms. Dunne in anyway directed the correctional officials to remove Plaintiff from Ms. Dunne's care. Thus, Plaintiff's allegations do not demonstrate that Ms. Dunne's actions were the purposeful, knowing or reckless cause of Plaintiff's alleged

4

injuries. In fact, Plaintiff has not alleged any injuries that occurred during or following his contact with Ms. Dunne. Instead he has alleged that he was injured prior to any contact with Ms. Dunne. Likewise, Plaintiff has failed to allege that Ms. Dunne's response to his alleged injuries was unreasonable. These allegations fail the *Mirada* "objective reasonableness" test, as such they should be dismissed. *Walls v. Montoya*, 2020 U.S.Dist. LEXIS 191925 (E.D. Wis. 2020).

Likewise, under an Eighth Amendment deliberate indifference analysis an inmate must have an objectively serious medical need and the defendant must be subjectively aware of <u>and</u> consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106. (1976).

Plaintiff's allegations fail this standard as well. Assuming for purposes of this motion only that Plaintiff was suffering from an objectively serious medical need, Plaintiff has still failed to plead facts sufficient to meet the second prong of the deliberate indifference test—that Ms. Dunne was aware of the objectively serious medical need and chose to disregard it. Instead, Plaintiff has pleaded facts that, if taken as true, establish that Ms. Dunne observed redness on Plaintiff's wrist and then Plaintiff was forcibly removed from Ms. Dunne's care by other individuals. Under this factual scenario, it is impossible for Plaintiff to establish that Ms. Dunne made the conscious choice to disregard Plaintiff's serious medical needs. Instead, Plaintiff's Complaint establishes that Ms. Dunne was prevented by the actions of others from taking any further steps to treat Plaintiff.

Thus, under either the Eighth Amendment analysis or the Fourteenth Amendment analysis, Plaintiff's claims against Ms. Dunne pursuant to 42 U.S.C. § 1983 are insufficient as a matter of law and cannot stand.

WHEREFORE, Defendant, RHONDA DUNNE, respectfully requests that this Honorable Court enter an Order dismissing her with prejudice and for such other and further relief as this Court deems fair and just.

    Respectfully submitted,

    RHONDA DUNNE

    By: <u>Sandra L. Byrd</u>
        Matthew H. Weller, ARDC No.
        Ronald E. Neroda, ARDC No.
        Sandra L. Byrd, ARDC No. 6237865
        CASSIDAY SCHADE LLP
        222 West Adams Street, Suite 2900
        Chicago, IL 60606
        (312) 641-3100
        (312) 444-1669 – Fax
        mweller@cassiday.com
        rneroda@cassiday.com
        sbyrd@cassiday.com

        *Attorneys for Defendant, Rhonda Dunne*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021 I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Sandra L. Byrd

9804199 SBYRD;SBYRD